IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT S. PHILPOTT                                                                      PLAINTIFF

        v.                        Civil No. 10-2061

LT. Plaintiff, Van Buren
Police Department (VBPD); LT.
BRENT GRILL, VBPD; DETECTIVE
DICKERSON, VBPD; DETECTIVE
EVERSOLE, VBPD; THE VAN
BUREN POLICE DEPARTMENT;
OFFICER RIGGS, VBPD; and JOHN
DOE OFFICERS 1-3
                                                                                                    DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

On March 4, 2011, Defendants filed a summary judgment motion (Doc. 26, Doc. 27, & Doc. 28). On March 9, 2011, an order (Doc. 29) was entered directing Plaintiff to complete an attached notice regarding the summary judgment motion. The notice required Plaintiff to state whether he would file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

Plaintiff was directed to return the attached notice by April 6, 2011. Plaintiff was advised (Doc. 29) that if he failed to return the attached notice by April 6, 2011, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

To date, Plaintiff has not returned the notice. He has not requested an extension of time to file the notice. The Court's order (Doc. 29) was sent to the address contained on the docket

sheet at that time. This address was provided to the Court by Plaintiff. The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed based on Plaintiff's failure to obey the order of the court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)